Gregory J. Glaser (SBN 226706)
4399 Buckboard Drive, Box 423
Copperopolis, CA 95228
Ph. (925) 642-6651
Fx. (209) 729-4557
greg@greggglaser.com

Ray L. Flores II (SBN 233643)
11622 El Camino Real Suite 100
San Diego, CA 92130
Ph. (858) 367-0397
Fx. (888) 336-4037
rayfloreslaw@gmail.com

Attorneys for Petitioners

**UNITED STATES DISTRICT COURT OF CALIFORNIA**

**EASTERN DISTRICT - SACRAMENTO**

| | |
|---|---|
| Joy Garner, individually and on behalf of The Control Group; Joy Elisse Garner, individually and as parent of J.S. and F.G.; Evan Glasco, individually and as parent of F.G.; Traci Music, individually and as parent of K.M. and J.S., Michael Harris, individually and as parent of S.H., Nicole Harris, individually and as parent of S.H.,<br><br>Petitioners,<br><br>v.<br><br>DONALD JOHN TRUMP, in his official capacity as PRESIDENT OF THE UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.: 2:20−CV−02470−WBS−JDP<br><br>PETITIONERS' NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE, WITH SUPPLEMENTAL REQUEST TO AUTHORIZE USE OF DEMONSTRATIVE EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PETITIONERS' LAWYER GREGORY J. GLASER<br><br>Date:      February 22, 2021<br>Time:      1:30 PM<br>Courtroom: 5<br>Judge:     William B. Shubb |

# **TABLE OF CONTENTS**

Page #

TABLE OF AUTORITIES ...................................................................................................iii

NOTICE OF MOTION AND MOTION ............................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 2

I.   Introduction .................................................................................................................. 2

II.  Federal Rules of Evidence for Petitioners' Requests For Judicial Notice ............................. 2

III. Categories of Petitioners' Documents for Judicial Notice ................................................. 3

    A. Government Documents ...................................................................................... 3

    B. Government Websites .......................................................................................... 4

    C. Government Statistics .......................................................................................... 7

    D. Government Handbooks ...................................................................................... 7

    E. Government Statements ........................................................................................ 8

    F.  Medical Journals ................................................................................................ 8

    G. Medical Institution Publications ........................................................................ 10

    H. Medical Textbooks ............................................................................................ 10

    I.   University Publications ...................................................................................... 11

    J.   Professional Desk Manuals ............................................................................... 11

    K. Dictionaries ..................................................................................................... 12

    L.  Congressional Testimony.................................................................................. 12

    M.   Drug Labels and Inserts ................................................................................. 13

    N. Newspapers ..................................................................................................... 14

IV. Commonly Known to Public Health Officials Familiar with the Matter ............................. 14

V.  Limitations of Petitioners Requests for Judicial Notice ...................................................... 15

VI. Petitioners' Supplemental Request To Utilize Demonstrative Evidence At Pre-Trial Hearings

    Relating To The Facts Of The Case ....................................................................... 16

    *Introduction* ................................................................................................... 16

i

*Legal Authorities Supporting Petitioners' Request to Utilize Demonstrative Evidence* ......... 17

CONCLUSION ..................................................................................................................... 18

DECLARATION OF PETITIONERS' LAWYER GREGORY J. GLASER .................................. 19

PETITIONERS' MOTION FOR JUDICIAL NOTICE

1

## <u>TABLE OF AUTORITIES</u>

2

**Federal Cases**

3

*Altman v. HO Sports Co.*,

4
     821 F. Supp. 2d 1178 (E.D. Cal. 2011)..................................................9

5

*Ball v. LeBlanc*,
     792 F.3d 584 (5th Cir. 2015) ...............................................................5

6

7

*Best Buy Stores, L.P. v. Manteca Lifestyle Ctr., LLC*,
     859 F. Supp. 2d 1138 (E.D. Cal. 2012)..................................................12

8

*Better Homes Realty, Inc. v. Watmore*,

9
     Case No.: 3:16-cv-01607-BEN-MDD, 2017 WL 1400065 (C.D. Cal. April 18, 2017)................9

10

*Boyd v. Armstrong*,
     2019 U.S. Dist. LEXIS 56200 (D. Md. Mar. 29, 2019)..........................3

11

12

*Butler v. Onyeje*,
     No. 1:11-cv-00723-MJS, 2014 U.S. Dist. LEXIS 8582 (E.D. Cal. Jan. 22, 2014) ....................13

13

14

*Cali v. E. Coast Aviation Servs., Ltd.*,
     178 F. Supp. 2d 276 (E.D.N.Y. 2001) ...................................................3

15

*Clemmons v. Bohannon*,
     918 F.2d 858, 865-868 (10th Cir. 1990) vacated on other grounds, on reh. en

16
     banc, 956 F.2d 1523 (10th Cir. 1992)....................................................8

17

*Conway v. Northfield Ins. Co.*,

18
     399 F. Supp. 3d 950 (N.D. Cal. 2019) ...................................................12

19

*Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co*,
     704 F.3d 413 (5th Cir. 2013) ...............................................................8

20

21

*Daniels-Hall v. Nat'l Educ. Ass'n*,
     629 F.3d 992 (9th Cir. 2010) ...............................................................5

22

*Daubert v. Merrell Dow Pharmaceuticals Inc.*,

23
     509 U.S. 579, 592 n. 11, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993)..........................8

24

*Denius v. Dunlap*,
     330 F.3d 919 (7th Cir. 2003) ...............................................................5, 6

25

*Dimanche v. Brown*,

26
     783 F.3d 1204 (11th Cir. 2015) ............................................................7

27

*Dingle v. Bioport Corp.*

28
     388 F.3d 209 (6th Cir. 2004) ...............................................................12

*Dubrin v. Cty. of San Bernardino*,
    No. EDCV 15-589 CJC(JC), 2017 U.S. Dist. LEXIS 161297 (C.D. Cal. Sep. 7, 2017) .............. 5

*Edwards v. Secretary of Dep't of Health & Human Servs.*,
    572 F. Supp. 1235 (E.D.N.Y. 1983) ...................................................... 11

*Fed. Kemper Life Assurance Co. v. First Nat'l Bank*,
    712 F.2d 459 (11th Cir. 1983) ........................................................... 14

*Franklin Life Ins. Co. v. William J. Champion & Co.*,
    350 F.2d 115 (6th Cir. 1965), *cert. denied*, 384 U.S. 928, 16 L. Ed. 2d 531, 86 S.
    Ct. 1445 (1966) ........................................................................ 11

*Funk v. Stryker Corp.*,
    631 F.3d 777 (5th Cir. 2011) ............................................................. 4

*Garrett v. Davis*,
    2017 U.S. Dist. LEXIS 39354, 2017 WL 1044969 (S.D. Tex. Mar. 20, 2017) .................... 5, 6

*Gent v. CUNA Mutual Insurance Society*,
    611 F.3d 79 (1st Cir. 2010) ............................................................. 5, 6

*Grimes v. Navigant Consulting, Inc.*,
    185 F. Supp. 2d 906 (N.D. Ill. 2002) ..................................................... 3

*Hardy v. Johns-Manville Sales Corp.*,
    681 F.2d 334 (5th Cir. 1982) ............................................................ 11

*Harris v. H & W Contracting*,
    102 F.3d 516 (11th Cir. 1996) ........................................................... 11

*Harris v. Lappin*,
    2008 U.S. Dist. LEXIS 123485, 2009 WL 789756 (C.D. Cal. Mar. 19, 2009) ................... 5

*Hines ex rel Sevier v. Sec'y of HHS*,
    940 F.2d 1518 (Fed. Cir. 1991) .......................................................... 10

*Holifield v. UNUM Life Insurance Company of America*,
    640 F. Supp. 2d 1224 (C.D. Cal. 2009) ................................................... 5

*Horn v. Berryhill*,
    2017 U.S. Dist. LEXIS 157177 (D.S.D. Sep. 26, 2017) ..................................... 15

*In Mendell v. Amgen, Inc. (In re Amgen Inc. Sec. Litig.)*,
    544 F. Supp. 2d 1009 (C.D. Cal. 2008) ................................................... 13

*In re Ahlers*,
    794 F.2d 388 (8th Cir. 1986),
    rev'd on other grounds, 485 U.S. 197 (1988) ............................................. 11

iv

*In re Thoratec Corp. Sec. Litig.*,
    No. C-04-03168 RMW, 2006 U.S. Dist. LEXIS 30602 (N.D. Cal. May 10, 2006) ..................... 9

*Jackson v. City of Columbus*,
    194 F.3d 737 (6th Cir. 1999) .......................................................................................... 3

*Johnson v. City of Shelby*,
    642 F. App'x 380 (5th Cir. 2016) ................................................................................... 7

*Kater v. Churchill Downs Inc.*,
    886 F.3d 784 (9th Cir. 2018) .......................................................................................... 5

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) .......................................................................................... 9

*Lovelace v. Software Spectrum*,
    78 F.3d 1015 (5th Cir. 1996) .......................................................................................... 3

*Mintz v. FDIC*,
    729 F. Supp. 2d 276 (D.D.C. 2010) ............................................................................... 2

*Oregon Natural Desert Ass'n v. BLM*,
    625 F.3d 1092 (9th Cir. 2010) ........................................................................................ 7

*Paralyzed Veterans of Am. v. McPherson*,
    No. C 06-4670 SBA, 2008 U.S. Dist. LEXIS 69542, 2008 WL 4183981
    (N.D. Cal. Sept. 9, 2008) ................................................................................................. 4

*Pinterest, Inc. v. Pintrips, Inc.*,
    15 F. Supp. 3d 992 (N.D. Cal. 2014) .............................................................................. 9

*Reddick v. Chater*,
    157 F.3d 715 (9th Cir. 1998) ........................................................................................ 10

*Spy Optic, Inc. v. Alibaba.Com, Inc.*,
    163 F. Supp. 3d 755 (C.D. Cal. 2015) ........................................................................... 9

*Steffan v. Cheney*,
    780 F. Supp. 1 (D.D.C. 1991) ......................................................................................... 4

*Takahashi v. Fish & Game Com.*,
    334 U.S. 410, 68 S. Ct. 1138 (1948) ............................................................................ 14

*Texpor Traders, Inc. v. Tr. Co. Bank*,
    720 F. Supp. 1100 (S.D.N.Y. 1989) ............................................................................. 12

*Trustees of the Chicago Plastering Institute Pension Trust v. Cork Plastering Co.*,
    570 F.3d 890 (7th Cir. 2009) ........................................................................................ 17

*United States ex rel. Dingle v. BioPort Corp.*,
    270 F. Supp. 2d 968 (W.D. Mich. 2003) ...................................................... 3, 4, 13, 14

*United States v. Aubrey*,
    800 F.3d 1115 (9th Cir. 2015) ............................................................... 17

*United States v. Chhibber*,
    741 F.3d 852 (7th Cir. 2014) ............................................................... 17

*United States v. Davita Inc.*,
    No. 8:18-cv-01250-JLS-DFM, 2020 U.S. Dist. LEXIS 102981 (C.D. Cal. Apr. 10, 2020) ......... 9

*United States v. Dreyer*,
    767 F.3d 826 (9th Cir. 2014) ................................................................ 1

*United States v. Eggen*,
    57 Cust. Ct. 736 (U.S. 1966) .............................................................. 14

*United States v. Howard*,
    381 F.3d 873 (9th Cir. 2004) .............................................................. 11

*United States v. Isaacs*,
    593 F.3d 517 (7th Cir. 2010) .............................................................. 17

*United States v. Rainbow Family*,
    695 F. Supp. 314 (E.D. Tex. 1988) .......................................................... 3

*United States v. Sauls*,
    981 F. Supp. 909 (D. Md. 1997) ............................................................. 8

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
    592 F.3d 954 (9th Cir. 2010) ............................................................... 9

*Werner v. Werner*,
    267 F.3d 288 (3d Cir. 2001) ............................................................... 11

*Wible v. Aetna Life Ins. Co.*,
    37 F.Supp.2d 956 (C.D. Cal. 2005) ......................................................... 10

*Woods v. Berryhill*,
    No. 2:18-cv-00154-RFB-VCF, 2019 U.S. Dist. LEXIS 167551 (D. Nev. Sep. 27, 2019).......... 10

**State Cases**

*Lorraine v. Markel American Insurance Company*,
    241 F.R.D. 534 (D. Md. 2007)............................................................... 4

*National Security Insurance Co. v. Tellis*,
  104 So. 2d 483, 486 (Ala. Crim. App. 1958) ........................................................ 15

*Sovereign Camp, W.O.W. v. Harris*,
  228 Ala. 417, 153 So. 870, 874 (Ala. 1934) ........................................................ 15

**United States Constitution**

Eighth Amendment .............................................................................................. 6

**Federal Statutes**

16 U.S.C.
  § 1131(c)(1)-(3) ................................................................................................ 7

**California Statutes**

[Former] California Fish & Game Code
  § 990 ................................................................................................................ 14

**Federal Rules of Evidence**

Rule 201 ............................................................................... 1, 5, 8, 10, 12
Rule 201(b) ........................................................................... 2, *passim*
Rule 201(b)(2) ...................................................................... 1, 5
Rule 201(c)(1) ....................................................................... 5
Rule 201(c)(2) ....................................................................... 2
Rule 201(d) ........................................................................... 2, 5
Rule 201 (f) ........................................................................... 5, 6
Rule 401 ................................................................................ 7
Rule 403 ................................................................................ 7
Rule 703 ................................................................................ 7
Rule 803(8) ........................................................................... 7
Rule 803(17) .......................................................................... 7
Rule 803(18) .......................................................................... 7
Rule 902 ................................................................................ 2, 3
Rule 902(5) ........................................................................... 3, 4
Rule 902(11) .......................................................................... 3
Rule 902(12) .......................................................................... 3
Rule 1006 .............................................................................. 1, 17

**Law Review Articles**

*Judicial Notice and the Law's "Scientific" Search for Truth*,
  40 AKRON L. REV. 465, 474, 476 ........................................................................ 10

**Miscellaneous Authorities**

1 Weinstein's Federal Evidence
    § 201.12[1] (2nd ed. 2001) ................................................................ 11

2 Weinstein's Federal Evidence
    § 401.09 (2020) ................................................................................ 7

6 Weinstein's Federal Evidence
    § 1006.05 (2020) .............................................................................. 17
    § 1006.07 (2020) .............................................................................. 17

Bureau of Land Mgmt., U.S. Dep't of the Interior, Land Use Planning Handbook,
    2005 Handbook, Appx. C 12 (2005) ................................................ 7
    2001 Handbook 10-16 ...................................................................... 7
    1978 Handbook 6 ............................................................................. 7

CDC, Lyme Disease, http://www.cdc.gov/ .............................................. 6

Pericardial Effusion, Mayo Clinic, https://www.mayoclinic.org/diseases-
    conditions/pericardial-effusion/symptoms-causes/syc-20353720 (last updated
    Aug. 10, 2017) ................................................................................ 10

Viral Hepatitis,
    Hepatitis C Frequently Asked Questions for the Public, United States Department
    of Health and Human Services, CDC website, available at
    https://www.cdc.gov/hepatitis/hcv/cfaq.htm#cFAQ13
    Hepatitis C serious, potentially life threatening illness 'spread primarily through
    contact with the blood of an infected person,' available at
    https://www.cdc.gov/hepatitis/hcv/cfaq.htm#cFAQ31 ..................... 5

W.C. Curtis, *Statistical Concepts for Attorneys* (1983) ......................... 12

1

**NOTICE OF MOTION AND MOTION**

2      **TO RESPONDENT AND HIS ATTORNEY OF RECORD:** PLEASE TAKE NOTICE

3   that on February 22, 2021 at 1:30 PM or as soon thereafter as the matter may be heard in Courtroom

4   5 of the United States District Courthouse located at 501 I Street, Sacramento, California,

5   Petitioners will move and hereby do move under Federal Rules of Evidence, rule 201, that the Court

6   take judicial notice of adjudicative facts contained in Petitioners' exhibits 1-470 submitted herewith.

7   This motion is submitted together with Petitioners' concurrently filed Requests for Judicial Notice,

8   Index, and Appendices One through Three.

9      Federal Rule of Evidence 201(b)(2) (Judicial Notice of Verifiable Facts) authorizes, and in

10   certain cases mandates, judicial notice of an adjudicative fact "not subject to reasonable dispute

11   because it ... can be accurately and readily determined from sources whose accuracy cannot

12   reasonably be questioned." *United States v. Dreyer*, 767 F.3d 826, 834 n.12 (9th Cir. 2014).

13      The purpose of each request for Judicial Notice will respectfully request the Court, in each

14   separate instance to either accept: 1) The truth of the matter stated, 2) The fact that the statement

15   was made, 3) The fact that the statement is common knowledge or well known to the reasonable

16   person throughout the country, or 4) The fact that the statement is common knowledge to those in

17   the scientific community who are familiar with the matter.

18      Petitioners also include a supplemental request to authorize Petitioners' use of the attached

19   demonstrative evidence pursuant to Federal Rules of Evidence, rule 1006.

20      This motion is based on the Notice of Motion and Motion, Memorandum of Points and

21   Authorities, declaration of counsel, all supporting papers on file in this action, and on any additional

22   evidence and argument that may be allowed at a hearing of this motion.

23   **ATTORNEYS FOR PETITIONERS**

24   Gregory J. Claser          12-21-20

25   Gregory J. Glaser (SBN 226706)      Date         Ray L. Flores II (SBN 233643)      Date
     4399 Buckboard Drive, Box 423            11622 El Camino Real Suite 100
26   Copperopolis, CA 95228              San Diego, CA 92130
     Ph. (925) 642-6651              Ph. (858) 367-0397
27   Fx. (209) 729-4557              Fx. (888) 336-4037
28   greg@gregglaser.com              rayfloreslaw@gmail.com

1

PETITIONERS' MOTION FOR JUDICIAL NOTICE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Introduction

All of Petitioners' Requests for Judicial Notice (PRJNs) are the same in one regard: they rely *exclusively* on published scientific consensus documents comprised of top medical journals and dictionaries, the official authoritative records of American public health agencies, and the public records (*e.g.*, census data, national health data) relied upon by those public health agencies in setting public health policy.

In order to focus the issues and reduce potentially disputed material facts in litigation, Petitioners' Requests for Judicial Notice are intended to recognize upfront certain but not all consensus positions of public health officials in the United States of America.

### II.  Federal Rules of Evidence for Petitioners' Requests For Judicial Notice

The Federal Rules of Evidence state:

> Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
> "(1) is generally known within the trial court's territorial jurisdiction; or
> "(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

USCS Fed. R. Evid. 201(b).

"[A] court may take judicial notice of historical, political, or statistical facts, or any other facts that are verifiable with certainty." *Mintz v. FDIC*, 729 F. Supp. 2d 276, 278 n.2 (D.D.C. 2010).

Moreover, Federal Rules of Evidence § 201(d) states, "The court may take judicial notice at any stage of the proceeding."  Indeed, Federal Rules of Evidence § 201(c)(2) provides that the Court: "must take judicial notice if a party requests it and the court is supplied with the necessary information."

Federal Rules of Evidence Rule § 902 allows evidence that is self-authenticating, stating in relevant part:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
> (5) *Official Publications.* A book, pamphlet, or other publication purporting to be issued by a public authority.
> (6) *Newspapers and Periodicals.* Printed material purporting to be a newspaper or periodical.

…

"(13) *Certified Records Generated by an Electronic Process or System.* A record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent must also meet the notice requirements of Rule 902(11).

"(14) *Certified Data Copied from an Electronic Device, Storage Medium, or File.* Data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent also must meet the notice requirements of Rule 902(11)."

USCS Fed. R. Evid. 902.

## III. Categories of Petitioners' Documents for Judicial Notice

### A. Government Documents

Government documents, and excerpts therefrom, are an available source of judicial notice where undisputed by the parties.

Public records, government documents, and even required public disclosures from private parties to the government, are judicially noticeable. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999); *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 n.1 (5th Cir. 1996). This includes public records and government documents available from reliable sources on the Internet. *See, e.g.*, *Grimes v. Navigant Consulting, Inc.*, 185 F. Supp. 906, 913 (N.D. Ill. 2002) (taking judicial notice of stock prices posted on a website); *Cali v. E. Coast Aviation Servs., Ltd.*, 178 F. Supp. 2d 276, 287 (E.D.N.Y. 2001) (taking judicial notice of documents from Pennsylvania state agencies and Federal Aviation Administration); *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

Federal Rule of Evidence 902(5) provides that books, pamphlets, or other publications "purporting to be issued by a public authority" are self-authenticating. This provision is most frequently applied to statutes, but it also applies to officially printed volumes of court decisions and miscellaneous public documents. *See, e.g.*, *United States v. Rainbow Family*, 695 F. Supp. 314, 330 n.5 (E.D. Tex. 1988) (portions of United States Army Field Manual were self-authenticating under Rule 902(5)).

Publication of a government document on an official website also constitutes an "official publication" for purposes of Rule 902(5). *See, e.g.*, *Boyd v. Armstrong*, 2019 U.S. Dist. LEXIS

56200, at *39 (D. Md. Mar. 29, 2019) ("[U]nder Fed. R. Evid. 902(5), 'publication[s] purporting to be issued by a public authority' are self-authenticating. Pursuant to Fed. R. Evid. 902(5), the SOP [Baltimore County Police Department Standard Operating Procedure] is self-authenticating as a publication issued by a public authority, the Baltimore County Police Department.").

In *Funk v. Stryker Corp.*, 631 F.3d 777, 779, 783 (5th Cir. 2011), the appellate court observed, "[T]he [trial] court took judicial notice of a letter from the FDA to [Respondent] indicating that [Petitioner] underwent the PMA process [for FDA approval], noting that the approval process was a matter of public record…. [T]he district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand…."

In *Steffan v. Cheney*, 780 F. Supp. 1, 15 (D.D.C. 1991), the court upheld judicial notice of a Presidential Commission report, wherein the court found:

> And so it is with deference to the military and its professional judgment, with deference to the legislature, and under the teaching of Pacific States that the Court takes judicial notice of the widely praised and accepted final report of the Presidential Commission on the Human Immunodeficiency Virus Epidemic [hereinafter Presidential Report]. In that report it was stated that the HIV "epidemic has predominantly been confined to people participating in behaviors such as homosexual sex and intravenous drug abuse . . . ." Presidential Report at 15. The latest figures available from the Centers for Disease Control show that of the AIDS cases reported through August 1991, 59% of all adults and adolescents were exposed because they were men who had sex with other men. CDC Report at 9, Table 4. Among males, 65% of adults and adolescents were exposed to HIV and subsequently contracted AIDS because of sex with other males. *Id.* at 10, Table 5.

**B.  Government Websites**

Government websites, and excerpts therefrom, are an available source of judicial notice where undisputed by the parties.

In *Williams v. Long*, 585 F. Supp. 2d 679, 691 (D. Md. 2008), the court stated:

> "Public records and government documents are generally considered not to be subject to reasonable dispute," and "[t]his includes public records and government documents available from reliable sources on the Internet." 2004 U.S. Dist. LEXIS 20753, 2004 WL 2347559, at *1 (quoting *In re Dingle*, 270 F. Supp. 2d 968, 971 (W.D. Mich. 2003)); *accord Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670 SBA, 2008 U.S. Dist. LEXIS 69542, 2008 WL 4183981, at *7 (N.D. Cal. Sept. 9, 2008) (citing *Lorraine* [*v. Markel American Insurance Company*], 241 F.R.D. [534] at 551 [(D. Md. 2007)]). "[I]n an age where so much information is calculated, stored and displayed on a computer, massive amounts

4

of evidence would be inadmissible" if courts were to willingly accept a portrayal of all potential evidence located on the Internet as "inherently unreliable."

And in *Kater v. Churchill Downs Inc.*, 886 F.3d 784, 788 n.3 (9th Cir. 2018), the court held,

We grant Kater's motion to take judicial notice of the slideshow, meeting minutes, and pamphlet because they are publicly available on the Washington government website, and neither party disputes the authenticity of the website nor the accuracy of the information. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (citing Fed. R. Evid. 201).

In *Dubrin v. Cty. of San Bernardino*, No. EDCV 15-589 CJC(JC), 2017 U.S. Dist. LEXIS 161297, p. 58, n. 14 (C.D. Cal. Sep. 7, 2017), the court observed:

[I]n light of information about Hepatitis C from the United States Department of Health and Human Services, Centers for Disease Control and Prevention ('CDC') — of which the Court may take judicial notice — a reasonable jury could find it obvious that Hepatitis C, a blood-borne virus, could be transmitted through a communal electric razor that is not properly disinfected (i.e., with the State Barbering Method) like the one plaintiff says he was required to use for shaving in Unit 5. See Viral Hepatitis, Hepatitis C Frequently Asked Questions for the Public, United States Department of Health and Human Services, CDC website, available at https://www.cdc.gov/hepatitis/hcv/cfaq.htm#cFAQ13 (Hepatitis C serious, potentially life threatening illness "spread primarily through contact with the blood of an infected person"); id., available at https://www.cdc.gov/hepatitis/hcv/cfaq.htm#cFAQ31 ("People can become infected with the Hepatitis C virus . . . through . . . [s]haring personal care items that may have come in contact with another person's blood, such as razors or toothbrushes."); *Harris*, 2008 U.S. Dist. LEXIS 123485, 2009 WL 789756, at *12 (Hepatitis C spread, in part, by sharing 'household items such as razors') (taking judicial notice of CDC website).... The Court may take judicial notice of the CDC information which is not subject to reasonable dispute, in part, because it is readily determined from a source the accuracy of which cannot reasonably be questioned (i.e., the CDC website). See Fed. R. Evid. 201(b)(2), (c)(1); Fed. R. Evid. 201(d) (court may take judicial notice at "any stage" of proceeding); see, e.g., *Holifield v. UNUM Life Insurance Company of America*, 640 F. Supp. 2d 1224, 1234-35 & nn.8-16 (C.D. Cal. 2009) ("appropriate to take judicial notice of the full complement of [] materials about [Chronic Fatigue Syndrome ('CFS')]" on CDC web site, including "CFS Basic Facts," "Recognition and Management of [CFS]," and "[CFS] Treatment Options"); *Harris v. Lappin*, 2008 U.S. Dist. LEXIS 123485, 2009 WL 789756, *12 (C.D. Cal. Mar. 19, 2009) (taking judicial notice of answers to "Frequently Asked Questions" about Hepatitis C from CDC website); *Gent v. CUNA Mutual Insurance Society*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (taking judicial notice, in part, of relevant facts regarding causes, symptoms, diagnosis, testing, and transmission of Lyme disease taken from CDC website, which facts are "not subject to reasonable dispute") (citing Fed. R. Evid. 201(b), (f); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003)); *Garrett v. Davis*, 2017 U.S. Dist. LEXIS 39354, 2017 WL 1044969, *2 (S.D. Tex. Mar. 20, 2017) (taking judicial notice of analysis on CDC website regarding evidence of "the health risks of sleep deprivation" which "information [was] not subject to reasonable dispute because it can be accurately determined from sources whose accuracy cannot reasonably be questioned") (citing Fed. R. Evid. 201(b)); cf., e.g., *Ball v. LeBlanc*, 792 F.3d 584, 591 (5th Cir. 2015) (approving of district court's taking of judicial notice of materials on National Weather Service website

5

reflecting "correlation between heat and death in adjudicating a claim that involved atmospheric heat at the prison."

In the *Garrett* case cited above, the court found,

> The Court agrees with the Magistrate Judge that sleep deprivation can support an Eighth Amendment claim and that CDC website materials may be used to support the determination of whether there is a disputed issue of material fact regarding the amount of sleep required as a basic life necessity and the health risks associated with sleep deprivation, along with whether Defendant should have been aware of this obvious health risk.

*Garrett v. Davis*, No. 2:13-CV-70, 2017 U.S. Dist. LEXIS 39354, p. 6 (S.D. Tex. Mar. 20, 2017).

And in the *Gent* case cited above, the court observed,

> This information [that "Lyme disease is caused by a specific bacterium *Borrelia burgdorferi*"] is taken primarily from the website of the Center for Disease Control and Prevention ("CDC"), a U.S. federal agency under the Department of Health and Human Services. See CDC, Lyme Disease, http://www.cdc.gov/ ncidod/ dvbid/lyme/index.htm (last visited June 23, 2010). It is unclear to what extent the information on the CDC's website is formally part of the record. Although the district court and the parties have cited to the CDC website as authoritative, it appears that Dr. Kinderlehrer's report is the only piece of record evidence that references the CDC directly. This is unproblematic, as other evidence in the record conveys most of the information that can be found on the CDC's website. Nevertheless, to be on the safe side, we take judicial notice of the relevant facts provided on the website, which are "not subject to reasonable dispute." Fed. R. Evid. 201(b), (f); see also *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information from official government website).

*Gent v. Cuna Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010).

In the *Denius* case cited above, the court observed,

> [T]he district court abused its discretion in withdrawing its judicial notice of the information from NPRC's official web-site…. The information on the website was not duplicative of the testimony; rather, it would have provided essential corroboration. Further, the fact that the NPRC maintains medical records of military personnel is appropriate for judicial notice because it is not subject to reasonable dispute. As the agency's website explains, "The National Personnel Records Center, Military Personnel Records (NPRC-MPR) is the repository of millions of military personnel, health, and medical records of discharged and deceased veterans of all services during the 20th century. NPRC (MPR) also stores medical treatment records of retirees from all services, as well as records for dependent and other persons treated at naval medical facilities. Information from the records is made available upon written request (with signature and date) to the extent allowed by law."

*Denius v. Dunlap* (7th Cir. 2003) 330 F.3d 919, 926.

See also, *Dimanche v. Brown*, 783 F.3d 1204, 1212 n.1 (11th Cir. 2015) (facts that "can be accurately and readily determined from public reports prepared by the Florida Department of Corrections, the accuracy of which cannot reasonably be questioned. Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports.").

**C.  Government Statistics**

Government statistics, and excerpts therefrom, are an available source of judicial notice where undisputed by the parties.

As set forth in 2 Weinstein's Federal Evidence § 401.09 (2020):

> To be admissible, statistical evidence, like all other evidence, must meet the test for relevance under Rule 401, and is subject to exclusion under Rule 403. Further, statistical analysis, like other expert testimony, must be "both relevant and reliable," and "[d]etermining the validity and value of statistical evidence is firmly within the discretion of the district court."

> The hearsay rule is rarely a serious barrier to the admission of statistical studies. Statistical studies may be offered under Rule 703 to explain the basis for an expert's opinion. Government compilations of statistics not created for litigation also may be admissible as public records under Rule 803(8). Other compilations may be admissible as "market reports or commercial publications" under Rule 803(17) or "learned treatises" under Rule 803(18).

**D.  Government Handbooks**

Government handbooks, and excerpts therefrom, are an available source of judicial notice where undisputed by the parties.

In *Oregon Natural Desert Ass'n v. BLM*, 625 F.3d 1092, 1112 (9th Cir. 2010), the appellate court took judicial notice of a government "Handbook, along with the BLM briefs in other courts", on the factual definition of the term "wilderness", finding:

> The BLM similarly records in its current land use planning handbook that wilderness characteristics are 'naturalness, outstanding opportunities for solitude, and outstanding opportunities for primitive and unconfined recreation," a paraphrase which closely tracks 16 U.S.C. § 1131(c)(1)-(3). BUREAU OF LAND MGMT., U. S. DEP'T OF THE INTERIOR, LAND USE PLANNING HANDBOOK, H-1601-1 ("2005 Handbook") Appx. C 12 (2005); see also 2001 Handbook 10-16 (describing wilderness characteristics); 1978 Handbook 6 (same).

And in *Johnson v. City of Shelby*, 642 F. App'x 380, 383 (5th Cir. 2016), the court appellate court upheld judicial notice of a self-authenticating government handbook,

The City of Shelby attached a copy of the employee handbook—which was clearly labelled "City of Shelby Employee Information Handbook" with a 2003 revision date—to its motion for summary judgment. And the district court implicitly found the handbook authenticated and admissible because it relied on the document in granting summary judgment. Johnson and James have presented no evidence that undermines the authenticity of the handbook. Therefore, the district court did not abuse its discretion in admitting and relying on the handbook.

### E. Government Statements

Statements by government officials, and excerpts therefrom, are an available source of judicial notice where undisputed by the parties. *See, e.g.*, *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co*, 704 F.3d 413, 424 (5th Cir. 2013) (In this action for declaratory and injunctive relief to prevent Defendants from violating environmental laws, and to ensure ongoing reporting of environmental contaminants, the trial court took judicial notice of the undisputed fact that the defendant's off-shore well had been decommissioned and cemented shut, citing in part the statement of the National Incident Commander Admiral.  The appellate court agreed stating, "[W]e conclude that there was no error in the district court's taking of judicial notice of the well's status.")

### F. Medical Journals

Medical journals, and excerpts therefrom, are an available source of judicial notice where undisputed by the parties.

In *United States v. Sauls*, 981 F. Supp. 909, 920 (D. Md. 1997), the court identified scientific reports and journals as available subjects of judicial notice:

The Supreme Court has stated that firmly established scientific principles are properly the subject of judicial notice under Fed. Rule Evid. 201. *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579, 592 n. 11, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993). Under Evid. Rule 201 a judicially noticed fact is one that is not subject to reasonable dispute and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. Rule Evid. 201(b).

In determining whether judicial notice should be taken, the Court may consider federal and state statutes and regulations, municipal ordinances, government reports, agency rules and regulations, Surgeon General's Reports, medical and scientific reports and journals as well as various other sources which the Court is of the opinion are reliable. See, *Clemmons v. Bohannon*, 918 F.2d 858, 865-868 (10th Cir. 1990) vacated on other grounds, on reh. en banc, 956 F.2d 1523 (10th Cir. 1992).

See also *Altman v. HO Sports Co.*, 821 F. Supp. 2d 1178, 1181 n.2 (E.D. Cal. 2011) (rejecting judicial notice of Wikipedia article as not authoritative, but accepting judicial notice of an esteemed scientific journal, "Altman makes no objection to the Court taking judicial notice of the American Journal of Sports Medicine article. Accordingly, the Court will consider Exhibit 2.").

In *United States v. Davita Inc.*, No. 8:18-cv-01250-JLS-DFM, 2020 U.S. Dist. LEXIS 102981, at *10-11 (C.D. Cal. Apr. 10, 2020), the court took judicial notice as follows:

> [J]udicial notice of nine medical journal articles that address the efficacy of prophylactic dialysis and Sensipar, two of which are the IDEAL and EVOLVE studies referenced and relied upon in the TAC…. "When considering a motion to dismiss, a court typically does not look beyond the complaint to avoid converting a motion to dismiss into a motion for summary judgment." *Better Homes Realty, Inc. v. Watmore*, Case No.: 3:16-cv-01607-BEN-MDD, 2017 WL 1400065, at *2 (C.D. Cal. April 18, 2017) (citing *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 760 (C.D. Cal. 2015)). "Notwithstanding this precept, a court may take judicial notice of material which is included in, referenced in, or relied upon by the complaint, matters in the public record, and facts 'not subject to reasonable dispute" that are "generally known within [that court's] territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned' under Federal Rule of Evidence 201(b)." *Id.* Defendants are correct that, while the articles may be subject to judicial notice, "they are noticeable only for the limited purpose of demonstrating" that the articles exist and were published on a certain date. *See Pinterest, Inc. v. Pintrips, Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ('Courts may take judicial notice of publications introduced to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."). For example, as discussed below, Relator relies heavily in his TAC on the two articles regarding the IDEAL and EVOLVE studies. In the context of this Motion to Dismiss, the Court examines the articles to determine whether they say what the Relator claims they say, but does not take judicial notice of the truth of their contents.

*See also In re Thoratec Corp. Sec. Litig.*, No. C-04-03168 RMW, 2006 U.S. Dist. LEXIS 30602, at *12-13 (N.D. Cal. May 10, 2006) holding,

> The court finds it appropriate to take judicial notice of the *New England Journal of Medicine* article regarding the REMATCH trial results to the extent that defendants rely upon it for the date it was published. The court takes judicial notice of the publication date, but, as set forth below, the court does not consider defendant's "truth on the market" defense at the present stage of litigation. The court may also rely on the article to the extent that plaintiff's allegations rely upon the REMATCH trial results. The complaint refers extensively to the REMATCH trial results but plaintiff attaches only articles and other documents referencing the trial results. Thus, the court may take judicial notice of the *New England Journal* article contents in order to establish the sufficiency of the allegations.

1    Finally, for the purpose of perspective Petitioners will cite a law review article on the

2    matter:

> 3    McCormick writes that a principle may be judicially noticed if "the principle is
>      accepted as a valid one in the appropriate scientific community," but then
> 4    continues that "in continuing the intellectual viability of the proposition … the
>      judge is free to consult any sources that he thinks are reliable." Several courts
>      adhere to this interpretation….. Puzzling enough in this regard, it has been noted
> 5    that "nowhere can there be found a definition of what constitutes competent or
>      authoritative sources for purposes of verifying judicially noticed facts."
> 6

7    ARTICLE: *Judicial Notice and the Law's "Scientific" Search for Truth*, 40 AKRON L.

8    REV. 465, 474, 476.

9    **G.  Medical Institution Publications**

10   Documents from established medical institutions, and excerpts therefrom, are an available

11   source of judicial notice where undisputed by the parties. *See, e.g.*, *Wible v. Aetna Life Ins. Co.*, 37

12   F.Supp.2d 956, 966 (C.D. Cal. 2005) (granting request for judicial notice as to webpage of

13   American Academy of Allergy Asthma & Immunology).

14   See also *Woods v. Berryhill*, No. 2:18-cv-00154-RFB-VCF, 2019 U.S. Dist. LEXIS 167551,

15   at *8 n.2 (D. Nev. Sep. 27, 2019), upholding judicial notice as follows:

> 16   Pericardial Effusion, Mayo Clinic, https://www.mayoclinic.org/diseases-
>       conditions/pericardial-effusion/symptoms-causes/syc-20353720 (last updated
> 17   Aug. 10, 2017). The Court takes judicial notice of the commonly understood
>       meanings of the medical terms referenced in Plaintiff's documents. Fed. R. Evid.
> 18   201 (courts may take judicial notice of facts that are not subject to reasonable
>       dispute because they are generally known or are capable of accurate and ready
> 19   determination); *See Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) (taking
>       judicial notice of a medical journal's definition of chronic in its remand to AU for
> 20   award of chronic fatigue syndrome in its remand to ALJ for award of benefits).

21   **H.  Medical Textbooks**

22   Medical textbooks, and excerpts therefrom, are an available source of judicial notice where

23   undisputed by the parties.

24   In *Hines ex rel Sevier v. Sec'y of HHS*, 940 F.2d 1518, 1526 (Fed. Cir. 1991), the court took

25   judicial notice of a medical textbook's recognition of the incubation period of measles, and stated:

> 26   Sevier also argues that the incubation period of measles is not a fact that should
>       be subject to judicial notice, even under informal rules. But even the Federal
> 27   Rules of Evidence specifically permit the taking of judicial notice of a fact which
>       is "not subject to reasonable dispute" because it is "capable of accurate and ready
> 28   determination by resort to sources whose accuracy cannot reasonably be

questioned." Fed. R. Evid. 201(b). Well-known medical facts are the types of matters of which judicial notice may be taken. *Compare Franklin Life Ins. Co. v. William J. Champion & Co.*, 350 F.2d 115, 130 (6th Cir. 1965), *cert. denied*, 384 U.S. 928, 16 L. Ed. 2d 531, 86 S. Ct. 1445 (1966) (taking judicial notice of the fact that cancer does not manifest itself quickly), *with Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 347-48 (5th Cir. 1982) ("The proposition that asbestos causes cancer, because it is inextricably linked to a host of disputed issues . . . is not at present so self-evident a proposition as to be subject to judicial notice."). Here, Sevier has offered no evidence that the incubation period of measles is disputed among treatise writers. Moreover, the special master found, based on his first-hand perception of her testimony, that Sevier's expert was uncertain about the incubation period. It thus appears that the taking of judicial notice would have been proper even under the Federal Rules of Evidence. In such a case, where the taking of judicial notice would be permissible even under the Federal Rules of Evidence, we certainly cannot say that it was contrary to the more liberal "fundamental fairness" requirement of the Vaccine Rules.

## I.   University Publications

Documents from established universities, and excerpts therefrom, are an available source of judicial notice where undisputed by the parties. *See, e.g.*, *In re Ahlers*, 794 F.2d 388, 392 n.1 (8th Cir. 1986), rev'd on other grounds, 485 U.S. 197 (1988) (judicial notice of "highly respected publication of the University of Minnesota" charting rise and fall in land values in southwest Minnesota from 1975 to 1985).

## J.   Professional Desk Manuals

Established professional desk manuals, and excerpts therefrom, are an available source of judicial notice where undisputed by the parties.

The 9th Circuit in *United States v. Howard*, 381 F.3d 873, 880 n.7 (9th Cir. 2004) cited the Physicians Desk Reference to take judicial notice that the drugs Percocet and Percodan contain active ingredient similar to morphine, which may impair physical and mental abilities.  *See also*, 1 Weinstein's Fed. Evid. § 201.12[1] (2nd ed. 2001) ("While judicial notice based on general knowledge reflects the traditional approach . . . notice of verifiable facts is a more modern development . . . consistent with the approach of the Uniform Rules of Evidence."); *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001); *Edwards v. Secretary of Dep't of Health & Human Servs.*, 572 F. Supp. 1235, 1238 (E.D.N.Y. 1983) (taking judicial notice of subjective symptoms of debilitating and incapacitating diseases as found in Physician's Desk Manual); *Harris v. H & W Contracting*, 102 F.3d 516, 522 (11th Cir. 1996) (citing the Merck Manual of Diagnosis and

1  Therapy and also the Attorneys' Textbook of Medicine, the court took judicial notice that Graves'

2  disease, a form of hyperthyroidism, can substantially limit major life activities if left untreated).

3      In *Texpor Traders, Inc. v. Tr. Co. Bank*, 720 F. Supp. 1100, 1105 n.2 (S.D.N.Y. 1989),

4      The court takes judicial notice that in statistical analysis, using a well known
        mathematical theorem, *viz.*, the Central Limit Theorem, a sample size of thirty or

5      more is generally recognized as sufficient to guarantee normality of the
        distribution of sample means. Fed.R.Evid. 201. This is important because in most

6      problems involving sampling, the standard deviation of the given population is
        unknown. Sample statistics are, therefore, substituted for population parameters

7      and can also be used to define the standard error of the mean. *See generally* W.C.
        Curtis, *Statistical Concepts for Attorneys* (1983).

8

9      **K.   Dictionaries**

10         Established dictionaries, and excerpts therefrom, are an available source of judicial notice

11  where undisputed by the parties. *See, e.g., Conway v. Northfield Ins. Co.*, 399 F. Supp. 3d 950, 956

12  n.1, 966 (N.D. Cal. 2019) (granting judicial notice of American Heritage dictionary and Black's

13  Law Dictionary definitions of "habitable"; court could consult "dictionaries and encyclopedias" in

14  taking judicial notice under Fed. R. Evid. 201(b)); *Best Buy Stores, L.P. v. Manteca Lifestyle Ctr.,*

15  *LLC,* 859 F. Supp. 2d 1138, 1145–146 (E.D. Cal. 2012) (while taking ordinary definitions of

16  "phase" and "section" found in Merriam-Webster Dictionary into consideration in interpreting

17  contested lease, court declined to judicially notice these definitions as controlling, because parties

18  reasonably disagreed over meaning of words "phase" and "section" in context of this lease; "[T]he

19  Court may consider when determining the "plain, unambiguous, and common meanings of

20  terms…")

21      **L.   Congressional Testimony**

22         Congressional testimony, and excerpts therefrom, are an available source of judicial notice

23  where undisputed by the parties.

24      In *Dingle v. Bioport Corp.*, 388 F.3d 209, 211 (6th Cir. 2004), cert. denied, the appellate

25  court observed:

26      The district judge took judicial notice of congressional testimony, including
        congressional testimony by Marc S. Zaid (an attorney for a serviceman that

27      refused to take the anthrax vaccine) and testimony of Kwai-Cheung Chan
        (Director of Special Studies and Evaluations for the National Security and

28      International Affairs Division of the General Accounting Office), a House

12

Committee on Government Reform report entitled The Department of Defense Anthrax Vaccine Immunization Program: Unproven Force Protection, and a newspaper article from the Lansing State Journal entitled Documents Hold Anthrax Secrets. All of the judicially noticed items discussed different aspects of the controversy surrounding the vaccination of U.S. servicemen and servicewomen, and portions of each source discussed problems with the production of the vaccine at the BioPort facility, the sole facility producing anthrax vaccine in the United States. Defendant argued that this discussion of problems with the vaccine could lead one to draw an inference that BioPort defrauded the government.")

*See also* the lower court ruling in *United States ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d at 972-73, 976-77, and n.2, upholding judicial notice of public disclosures showing deviations between the anthrax vaccine that was approved by the FDA and the anthrax vaccine that was actually being produced. The court upheld taking judicial notice of Congressional papers relating to the anthrax vaccine, stating:

Public records and government documents are generally considered "not to be subject to reasonable dispute." [citation omitted]". The court also upheld judicial notice of a prominent medical journal article relating to the anthrax vaccine, despite the article's imperfection, finding "While the author of the article may have incorrectly reported on the reason for the filter changes, such an inaccuracy does not preclude the article from serving as a public disclosure. One may still conclude that the vaccine being produced and sold to the Government was not the vaccine approved by the FDA; thus, the essential revelation of potential fraud remains, regardless of the accuracy of the article." Of great importance to the power of inference from judicially noticed documents, the court found, "An inference of fraud can also reasonably be drawn from the House Report, which noted that the Lansing plant had been cited numerous times for deviating from FDA regulations and problems that arose during potency testing.")

**M. Drug Labels and Inserts**

Manufacturer drug labels and product inserts, and excerpts therefrom, are an available source of judicial notice where undisputed by the parties. *See, e.g.*, *In Mendell v. Amgen, Inc. (In re Amgen Inc. Sec. Litig.),* 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) ("the Court grants Defendants request as to Exhibits 1 and 2, [drug] labels for Aranesp and Epogen taken from the FDA website, as documents 'capable of accurate and ready determination' and 'not subject to reasonable dispute.' Fed. R. Evid. 201(b).").

See also, *Butler v. Onyeje*, No. 1:11-cv-00723-MJS, 2014 U.S. Dist. LEXIS 8582, at *16-18, and n.8 (E.D. Cal. Jan. 22, 2014) where the court took judicial notice that manufacturer's drug inserts were available for review by prescribing physicians medications, citing online edition of Physicians' Desk Reference, but noting,

The Court takes judicial notice of the public existence of this material, and hence its availability to Defendant, only insofar as a failure to act in accordance with it may evidence a knowing disregard to an excessive risk. The Court makes no finding as to the truth of the information contained in this material and cautions that it likely would not suffice to refute contrary competent medical evidence directly on point.

**N. Newspapers**

Established newspapers, and excerpts therefrom, are an available source of judicial notice where undisputed by the parties. *See, e.g.*, *In United States ex rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d at 977 n.2, where the court upheld judicial notice of a Lansing State Journal newspaper article for a specific purpose in the case, as the court stated:

In their June 2, 2003, response to the Court's May 9, 2003, Memorandum Order taking judicial notice of the Lansing State Journal article, Plaintiffs contend that the statements made about the filter changes are incorrect, and thus unreliable as public disclosures. (Pls.' Second Supp. Mem. Law at 4.) While the author of the article may have incorrectly reported on the reason for the filter changes, such an inaccuracy does not preclude the article from serving as a public disclosure. One may still conclude that the vaccine being produced and sold to the Government was not the vaccine approved by the FDA; thus, the essential revelation of potential fraud remains, regardless of the accuracy of the article.

**IV. Commonly Known to Public Health Officials Familiar with the Matter**

Given the technical nature of this national security case, Petitioners focus their requests for judicial notice on facts that are commonly known to public health officials familiar with the matter.

This request follows extensive case law focusing on the relevant technical or knowledgeable community that is familiar with the judicial notice matter in question.  *See, e.g.*, *Takahashi v. Fish & Game Com.*, 334 U.S. 410, 426, 68 S. Ct. 1138, 1146 (1948), finding:

The trial court below correctly described the situation as follows: "As it was commonly known to the legislators of 1945 that Japanese were the only aliens ineligible to citizenship who engaged in commercial fishing in ocean waters bordering on California, and as the Court must take judicial notice of the same fact, it becomes manifest that in enacting the present version of [Cal. Fish & Game Code] Section 990, the Legislature intended thereby to eliminate alien Japanese from those entitled to a commercial fishing license by means of description rather than by name.

*See also United States v. Eggen*, 57 Cust. Ct. 736, 749 (U.S. 1966) ("It is a fact, commonly known to valuers of merchandise and of which courts may take judicial notice, that in the countries of Europe the metric system was used, by law, during the period of the *Thomas* case."); *Fed.*

14

*Kemper Life Assurance Co. v. First Nat'l Bank*, 712 F.2d 459, 463 (11th Cir. 1983) ("It is true that Alabama courts recognize that there are "some diseases which are commonly known to be of such serious consequences that the court will declare that they increase the risk of loss, without making a jury question." *National Security Insurance Co. v. Tellis*, 104 So. 2d 483, 486 (Ala. Crim. App. 1958), *quoting Sovereign Camp, W.O.W. v. Harris*, 228 Ala. 417, 153 So. 870, 874 (1934). Alabama courts take judicial notice that certain conditions are commonly known to be life-threatening."); *Horn v. Berryhill*, 2017 U.S. Dist. LEXIS 157177, at *15 n.11 (D.S.D. Sep. 26, 2017) (in a medical case, "The court takes judicial notice of the fact that [the Indian Health Service] is habitually underfunded by Congress. As a result, IHS denies funding of contract services for non-life threatening conditions of Native Americans on the Pine Ridge Indian Reservation.").

## V.  Limitations of Petitioners Requests for Judicial Notice

Petitioners' RJNs are limited exclusively to the quoted material specifically identified in the RJN pleading itself.  Petitioners reserve the right to contest any judicial notice requests by Respondent of other materials on the subject matter, even if such other materials are by the same sources quoted by Petitioners and likewise even if such other materials are within the same exhibit provided by Petitioners.

In order to focus the issues and reduce potentially disputed material facts in litigation, Petitioners' RJNs are intended to recognize upfront certain but not all consensus positions of public health officials in the United States of America. Petitioners' RJNs are neither offered nor intended to limit Petitioners' ability to contest other consensus positions of public health officials. Nor are Petitioners' RJNs offered or intended to limit Petitioners' ability to present additional and separate evidence that public health officials have not generally adopted as consensus positions. In this manner, Petitioners' RJNs are not offered or intended as "truth" applicable to all persons, but rather they are offered as the scientific consensus positions ('facts') recognized by public health officials for purposes of this litigation, even if those scientific consensus positions are not recognized as 'facts' to the general public or other scientific groups that challenge the consensus position.

If any of Petitioners' Requests for Judicial Notice are declined by the Court for proof of the fact stated, then Petitioners respectfully resubmit such Request(s) on the following alternative

1    grounds: 'For the fact that the statement was made'.  One of Petitioners' intended relevant uses of

2    such judicially noticed findings would be to establish that a reasonable person may *justifiably*

3    exercise the right of informed refusal to vaccines recommended by the Centers for Disease Control

4    and Prevention (CDC).

5    **VI. Petitioners' Supplemental Request To Utilize Demonstrative Evidence At Pre-Trial**

6    **Hearings Relating To The Facts Of The Case**

7    *Introduction*

8    Supplemental to Petitioners' Requests for Judicial Notice, Petitioners ask the Court to

9    authorize Petitioners' use of the attached demonstrative evidence (scientific graphs) at any pre-trial

10   hearings relating to the facts of the case (i.e., summary judgment).

11   The attached demonstrative evidence is compiled exclusively from authoritative factual

12   exhibits presented in Petitioners' requests for judicial notice.  Should the Court deny any particular

13   request for judicial notice, then Petitioners are prepared for, and hereby request, an evidentiary

14   hearing to qualify Petitioners' expert witnesses who can lay the foundation and proffer the

15   relevance for Petitioners' exhibits and demonstrative evidence.

16   Petitioners anticipate the need for preliminary hearings on the facts of the case (i.e., to show

17   Petitioners' substantial likelihood of prevailing on the merits at trial; and to show genuine issues of

18   material fact).  At such hearings Petitioners request the opportunity to present demonstrative

19   evidence (scientific graphs) that both clearly and concisely present data from the many volumes of

20   Petitioners' judicially noticeable medical facts regarding the National Health Pandemic referenced

21   in Petitioners' Petition for Declaratory and Injunctive Relief. In this manner, the Court granting

22   Petitioners' request to present demonstrative evidence will promote pre-trial judicial expediency by

23   inviting the court to weigh and decide upon the crux and material facts of the case rather than the

24   scientific minutiae.  Even at early stages of the litigation, demonstrative evidence will assist the

25   Court in assessing the relevancy of the evidence proffered by Petitioners, which will assist both

26   parties in focusing their respective litigation efforts at every stage of the proceeding.

27   //

28   //

1    *Legal Authorities Supporting Petitioners' Request to Utilize Demonstrative Evidence*

2    The attached scientific graphs have a factual basis that is useful to summarize Petitioners'

3    voluminous body of evidence, and the demonstrative evidence is presented with a maximum effort

4    to provide clarity and avoid confusion.  *See, e.g.*, 6 Weinstein's Federal Evidence § 1006.05 (2020).

5    The applicable rule authorizing Petitioners' request is USCS Federal Rules of Evidence Rule

6    1006:

7    The proponent may use a summary, chart, or calculation to prove the content of
     voluminous writings, recordings, or photographs that cannot be conveniently
8    examined in court. The proponent must make the originals or duplicates available
     for examination or copying, or both, by other parties at a reasonable time and
9    place. And the court may order the proponent to produce them in court.

10   *See also United States v. Aubrey*, 800 F.3d 1115, 1130 (9th Cir. 2015) ("Rule 1006 requires

11   that '[t]he proponent must make the originals or duplicates [of the voluminous writings] available

12   for examination or copying, or both, by other parties at a reasonable time and place.' ").

13   Here, Petitioners have used the attached scientific graphs to prove the content of voluminous

14   data that cannot be conveniently examined in court. The complete originals or duplicates will be

15   made available for examination or copying, or both, by the Court or by other parties at a reasonable

16   time and place.

17   As set forth above, Petitioners' request to present demonstrative evidence will promote pre-

18   trial judicial expediency, and will focus the parties and the Court on the material facts of the case

19   rather than the scientific minutiae.  In the event the Court conducts a hearing, Plaintiffs will be able

20   to provide proof of accuracy.  *See, e.g.*, *United States v. Chhibber*, 741 F.3d 852, 856 (7th Cir. 2014)

21   ("summary exhibits which accurately portray the underlying data are admissible so long as the

22   proponent complies with the dictates of Rule 1006") quoting *United States v. Isaacs*, 593 F.3d 517,

23   527–528 (7th Cir. 2010); *Trustees of the Chicago Plastering Institute Pension Trust v. Cork*

24   *Plastering Co.*, 570 F.3d 890, 901 (7th Cir. 2009) (audit report containing tabulations based on

25   employer's payroll records was admissible under Rule 1006, even though report reflected certain

26   assumptions; court assessed those assumptions based on totality of evidence and rejected

27   application of any assumption shown to be invalid). 6 Weinstein's Federal Evidence § 1006.07

28   (2020).

1

## **CONCLUSION**

2         For the foregoing reasons, Petitioners respectfully move this Court to grant judicial notice in

3    the specific and narrow manner requested.

4         Dated: December 21, 2020

5

6         Respectfully submitted

7

8    *Gregory J. Glaser*

     Gregory J. Glaser (SBN 226706)              Ray L. Flores II (SBN 233643)
9    4399 Buckboard Drive, Box 423               11622 El Camino Real Suite 100
     Copperopolis, CA 95228                      San Diego, CA 92130
10   Ph: (925) 642-6651                          Ph. (858) 367-0397
     Fx. (209) 729-4557                          Fx. (888) 336-4037
11   greg@gregglaser.com                         rayfloreslaw@gmail.com

12
     **ATTORNEYS FOR PETITIONERS**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        **DECLARATION OF PETITIONERS' LAWYER GREGORY J. GLASER**

2    I, Gregory J. Glaser, declare as follows:

3        1.   I am a lawyer licensed to practice law in the state of California and before the United States

4    District Court for the Eastern District of California. I have personal knowledge of all facts set forth

5    herein and could and would testify competently to the accuracy thereof if called to do so.

6        2.   Petitioners Requests for Judicial Notice are organized and attached hereto as follows: PRJN-

7    1 (Appendix One); PRJN-2 (Appendix Two); PRJN-3 (Appendix Three).

8        3.   Each Request for Judicial Notice is offered with multiple documentary exhibits in support of

9    the request. Each exhibit is provided with an accurate citation to its source. Each exhibit is a true

10   and correct copy of the cited material at its source. Some exhibits were slightly resized to

11   accommodate Eastern District of California Court filing standards.

12       4.   Wherever the source material was in excess of approximately 25-pages (i.e., textbooks) or

13   otherwise surrounded by irrelevant text or content (such as ads), the exhibit is offered with only the

14   excerpted relevant pages or section, which excerpts are true and correct copies of the cited material

15   at the source document. In this manner, in order to focus on relevant content, there are some

16   exhibits from websites that are provided via 'screenshot' rather than via full website printout.

17       5.   Petitioners' Supplemental Request To Utilize Demonstrative Evidence At Pre-Trial

18   Hearings Relating To The Facts Of The Case is organized and attached as PRDE1. The attached

19   demonstrative evidence is compiled from authoritative factual exhibits presented in Petitioners'

20   Requests For Judicial Notice, together with evidence referenced in Petitioners' Petition for

21   Declaratory and Injunctive Relief. Petitioners are prepared to make an offer of proof utilizing expert

22   testimony for the relevance and utility of the demonstrative evidence. The attached demonstrative

23   evidence is designed to clearly, concisely, and fairly present evidence supporting Petitioners'

24   Petition for Declaratory and Injunctive Relief.

25       I declare under threat of penalty of perjury that the foregoing is true and correct. Executed

26   this 21st day of December, 2020 in Copperopolis, California.

27                                                    _Gregory J. Glaser_____

28                                                    Gregory J. Glaser
                                                     Lawyer for Petitioners