UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOY GARNER, individually and on behalf of The Control Group; et al.,<br><br>        Plaintiffs - Appellants,<br><br>   v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States of America,<br><br>        Defendant - Appellee. | No. 21-15587<br><br>D.C. No. 2:20-cv-02470-WBS-JDP<br>U.S. District Court for Eastern California, Sacramento<br><br>**MANDATE** |

The judgment of this Court, entered February 28, 2022, takes effect this

date.

This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rebecca Lopez
Deputy Clerk
Ninth Circuit Rule 27-7

FILED

**NOT FOR PUBLICATION**

FEB 28 2022

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOY GARNER, individually and on behalf of The Control Group; et al.,

       Plaintiffs-Appellants,

v.

JOSEPH R. BIDEN, in his official capacity as President of the United States of America,

       Defendant-Appellee.

No.  21-15587

D.C. No.
2:20-cv-02470-WBS-JDP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted February 24, 2022[**]
San Francisco, California

Before:  IKUTA, MILLER, and BADE, Circuit Judges.

      Joy Garner, individually and on behalf of The Control Group—a non-profit

organization that surveyed unvaccinated individuals for the purposes of this

---

     [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

litigation—and a group of parents, who sue individually and on behalf of their

minor children (collectively, Appellants), appeal the district court's dismissal of

their complaint against the President of the United States in his official capacity for

lack of standing.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

affirm.[1]

Appellants' First Amended Complaint (FAC) does not plausibly allege a

causal connection between Appellants' alleged injuries and any actions by the

President.  Because Appellants' alleged injuries, ranging from being discriminated

against due to local vaccine mandates to "the mathematically proven imminent

dissolution of America from within," are not "fairly traceable to the challenged

action[s] of the defendant," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

---

[1] We note the district court's February 11, 2022 order (Dkt. No. 39), which purported to vacate the order on appeal.  The court's order had no effect, however, because it was issued after Appellants filed their notice of appeal in our court.  *See Matter of Visioneering Constr.*, 661 F.2d 119, 124 n.6 (9th Cir. 1981) ("Once a notice of appeal is filed jurisdiction is vested in the Court of Appeals, and the trial court thereafter has no power to modify its judgment in the case or proceed further except by leave of the Court of Appeals.").  Neither party requested leave for a limited remand to the district court to issue an indicative ruling.  *See* Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1.  Assuming without deciding that we may nonetheless remand in these circumstances, *Mendia v. Garcia*, 874 F.3d 1118, 1122 (9th Cir. 2017), we decline to do so here.  Instead, we exercise our jurisdiction to determine de novo whether Appellants have standing.  *Cf. United States v. Rodriguez*, 851 F.3d 931, 938–39 (9th Cir. 2017) (concluding that "a remand to the district court would be superfluous" when this court was required to conduct de novo review on appeal).

(1992) (cleaned up), Appellants lack standing.  As Appellants note in their FAC, there is no federally mandated vaccine requirement; instead, the CDC recommends various vaccine schedules, and state and local governments adopt their own mandates based on those recommendations.  Appellants' FAC does not allege any plausible connection between any of the President's actions and the injuries Appellants have allegedly suffered as a result of state and local vaccine requirements.

Further, because Appellants seek declaratory and injunctive relief that we cannot grant against the President of the United States, such as ordering the President to conduct a national survey, *see Juliana v. United States*, 947 F.3d 1159, 1171 (9th Cir. 2020), Appellants' alleged injuries are not likely to be "redressed by a favorable decision."  *Lujan*, 504 U.S. at 561 (internal quotation marks omitted). Finally, the district court did not abuse its discretion in denying leave to amend because permitting leave to amend would have been futile.  *See Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340–41 (9th Cir. 2020).

**AFFIRMED.**